## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

|   |   |   |
|---|---|---|
| **RUEBEN DOWLING,** | ) | |
| | ) | |
| Plaintiff, | ) | 2000-CV-0049 |
| v. | ) | |
| | ) | |
| **UNITED STATES GOVERNMENT,** | ) | |
| **VIRGIN ISLANDS GOVERNMENT** and | ) | |
| **ALMORE FREDERICKS,** | ) | |
| Defendants. | ) | |

**TO:**   Lee J. Rohn, Esq.
    Angela Tyson-Floyd, Esq.
    Richard Schrader, JR, Esq.

### ORDER

THIS MATTER came before the Court upon Plaintiff Rueben Dowling's Motion for Sanctions and/or to Re-Open Discovery (Docket No. 348). Defendant Government of the Virgin Islands ("GVI") filed an opposition to said motion. Plaintiff then filed a Motion to Strike Defendant Government of the Virgin Islands' Opposition to Plaintiff's Motion for Sanctions and/or to Re-Open Discovery (Docket No. 361) and, subsequently, filed a reply to said opposition. Plaintiff also filed Plaintiff's Motion for Sanctions Against Defendant Fredericks (Docket No. 350) and a Motion for Extension of Time

*Dowling v. United States Government*
2000-CV-0049
Order
Page 2

(Docket No. 353). The Court held a hearing upon three of the abovementioned motions (Docket Nos. 348, 350, 353) on June 27, 2008.

Plaintiff claims that for the first time, six years after the original Complaint was filed, Defendant GVI admitted that three taped meetings, one of which was transcribed, took place between Plaintiff and Defendant GVI and Defendant United States Government. Plaintiff further claims that it was not until after this Court ordered GVI to produce said tapes and transcript that said Defendant produced one heavily redacted copy of a transcript and no tapes. Plaintiff claims the conversations in those tapes go to the essence of his cause of action and that their absence has caused serious and far-reaching prejudice. Motion at 11, 14.

In response, GVI does not deny the existence of said tapes but claims they, as well as any unredacted version of the transcript, are privileged due to an ongoing investigation. Response at 3. *See also* Affidavit of Mr. Leonardo Carrion, Assistant Director for Special Investigator at the Department of Justice (Docket No. 364). Said Defendant further points to the fact that Plaintiff already has had the opportunity to ask any questions at the depositions of Leonardo Carrion and William Curtis of the Investigative section for the Department of Justice. Response at 3. Plaintiff replies that

*Dowling v. United States Government*
2000-CV-0049
Order
Page 3

he may not ask witnesses questions about what he does not have; therefore, possession of said tapes is necessary to conduct the depositions. Reply at 2.

When asserting privilege as a defense for withholding information, "[t]he government's interest in protecting investigatory files from disclosure is particularly strong when the files relate to an ongoing investigation." *Startzell v. City of Phillladelphia*, 05-CV-05287, 2006 WL 2945226 at *4 (E.D. Pa. October 18, 2006). However, the court must also "balance the public interest in maintaining the confidentiality of law enforcement investigatory information against any showing by the party seeking discovery of the necessity for such information." *Id.*

Here, the tapes in question were recorded about ten years ago, making the investigation said Defendant claims is ongoing also at least ten years old. Furthermore, Plaintiff's cause of action for breach of contract is heavily based on the requested documents, as they are the only evidence of the contract said Defendant claims was formed during those meetings.

More importantly, the record reflects that in the Order Regarding Plaintiff's Motion to Compel V.I. Government ("GVI") to Provide Complete Discovery Responses (Docket No. 272), this Court ordered said Defendant to produce the requested tapes and transcript. *Id* at 4. The relevant demands and responses were as follows:

*Dowling v. United States Government*
2000-CV-0049
Order
Page 4

>    **Demand for Production of Documents No. 5:**  Produce copies of all documents relating to any representations, communications, promises, commitments, inferences, agreements, deals and understandings between Plaintiff and defendant with regard to Plaintiff reporting illegal activities or Plaintiff's cooperation in providing information as a confidential informant, including documents relating to any compensation, concessions, consideration in exchange, or Plaintiff's release from prison and who participated with regard to the same.
>
>    **Defendant GVI's Response to Demand for Production of Documents No. 5:** This information is privileged as it involves a pending criminal investigation.
>
>    **Demand for Production of Documents No. 20:**  Please produce any and all videotapes, surveillance tapes, security tapes and any other recordings, photographs, undeveloped film, negatives, prints, computer or digital recordings depicting the events that occurred on or about July 27, 1999, involving Plaintiff at the Golden Grove Correctional Facility or related in any manner to any of the allegations, occurrences and events referred to in Plaintiff's Complaint.
>
>    **Defendnat GVI's Response to Demand for Production of Documents No. 20:** These documents will be submitted under separate cover in shortly.

Joint Stipulation Regarding Plaintiff's Motion to Compel Defendant V.I. Government to Provide Complete Responses to Discovery (Docket No. 265) at 33, 38-39.

With respect to Demand No. 5, this Court held that "[i]n the absence of a privilege log, any claim of privilege has been waived.  Said Defendant shall produce the requested documents." Order (Docket No. 272) at 4.  With respect to Demand No. 20, this Court held that "[s]aid Defendant shall produce the requested documents." *Id.* at 4.  That Order was issued nine months ago.

*Dowling v. United States Government*
2000-CV-0049
Order
Page 5

Today, said Defendant has provided Plaintiff's counsel neither an unredacted copy of the transcript nor any tapes (should it possess any) of the meetings between Plaintiff and said Defendant (although an unredacted copy of the transcript has been submitted to this Court). What is unclear is whether the GVI actually possesses the three requested tapes. At the hearing on the instant matter, held on July 27, 2008, Counsel for said Defendant was asked whether GVI actually possesses the tapes in question. Said Counsel responded, "I don't know." July 27, 2008, Hearing. This Court may not sanction nor reopen discovery regarding materials that might not still exist.

Federal Rules of Civil Procedure 37(b)(2) allows district courts broad discretion in imposing sanctions for not obeying a discovery order. *Id*; *Callwood v. Zurita*, 158 F.R.D. 359 (D.V.I. 1994) (sanctioning the Government of the Virgin Islands for disobeying discovery orders over a period of six years). Since it is not clear whether GVI actually possesses the requested tapes, this Court finds that sanctions are not warranted at this time.

The decision to reopen discovery is within the discretion of the district court. *Habecket v. Clark Equipment Co.*, 942 F.2d 210, 218 (3d Cir. 1991) (holding that "the decisions on whether to allow new claims, whether to permit further discovery, and whether to hear additional evidence were all within the district court's discretion").

*Dowling v. United States Government*
2000-CV-0049
Order
Page 6

When determining whether to reopen discovery, courts consider the "(1) the particular information sought, (2) how the information would preclude summary judgement, and (3) why it has not previously been obtained." *Krouse v. American Sterilizer Co.*, 984 F. Supp. 891, 915 (W.D. Pa. 1996). Here, Plaintiff has clearly identified the information sought to be an unredacted transcript and tapes of the meetings which took place between Plaintiff and said Defendants. Reviewing the facts in a light most favorable to Plaintiff, the requested information would preclude summary judgment because they would provide the evidence supporting Plaintiff's claim that a contract was formed in said meetings. Moreover, the requested material was not previously obtained because Defendant GVI is either withholding it as privileged information or it does not possess it in the first place. As a result, it must first be made clear whether said Defendant possesses such tapes before this Court can determine whether to reopen discovery.

As previously mentioned, Plaintiff also filed Plaintiff's Motion for Sanctions Against Defendant Fredericks (Docket No. 350). Plaintiff based said Motion on the fact that Defendant Fredericks had not supplemented his discovery responses within the given time limit set in this Court's Order Granting Plaintiff's Motion to Compel Defendant Fredericks to Provide Complete Discovery Responses (Docket No. 347). However, Defendant Fredericks submitted said Responses the same day that Plaintiff

*Dowling v. United States Government*
2000-CV-0049
Order
Page 7

filed his Motion for Sanctions. Consequently, this Court finds that sanctions against Defendant Fredericks are unwarranted.

Accordingly, it is hereby **ORDERED**:

1. This Court will defer ruling on Plaintiff's Motion for Sanctions and/or to Re-Open Discovery (Docket No. 348) until said Defendant has submitted a certification as to whether it possesses said tapes.

2. Said Defendant has **15 days from the date of entry of this Order** to conduct a diligent search for the requested tapes and submit a certification as to whether it possesses said tapes.

3. Plaintiff's Motion for Sanctions Against Defendant Fredericks (Docket No. 350) is **DENIED**.

4. Plaintiff's Motion for Extension of Time (Docket No. 353) is **DENIED AS MOOT.**

5. Plaintiff's Motion to Strike Defendant Government of the Virgin Islands' Opposition to Plaintiff's Motion for Sanctions and/or to Re-Open Discovery (Docket No. 361) is **DENIED**.

*Dowling v. United States Government*
2000-CV-0049
Order
Page 8

                                                ENTER:

Dated: July 10, 2008                                         /s/
                                                GEORGE W. CANNON, JR.
                                                U.S. MAGISTRATE JUDGE