### DISTRICT COURT OF THE VIRGIN ISLANDS

### DIVISION OF ST. CROIX

**REUBEN DOWLING,**

              **Plaintiff,**         2000-CV-0049

   v.

**UNITED STATES GOVERNMENT,**
**VIRGIN ISLANDS GOVERNMENT,**
**and ALMORE FREDERICKS,**

              **Defendants.**

_____

**TO:**   Lee J. Rohn, Esq.
        Angela Tyson-Floyd, Esq., AUSA
        Richard Schrader, Jr., Esq., AAG

### ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER

THIS MATTER came before the Court upon Plaintiff's Motion to Reconsider Order Denying Motion For Sanctions (Docket No. 378). Defendants Virgin Islands Government and Almore Fredericks filed an opposition to said motion, and Plaintiff filed a reply thereto.

Said Defendants argue that the motion is both untimely and without merit. The Court agrees on both counts.

Local Rule of Civil Procedure 7.3 provides:

*Dowling v. United States Government*
2000-CV-0049
Order Denying Plaintiff's Motion to Reconsider
Page 2

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed within ten (10) days after the entry of the order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown. A motion to reconsider shall be based on:
> 1. intervening change in controlling law;
> 2. availability of new evidence, or;
> 3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3 (as amended January 25, 2008). The order at issue (Docket No. 370) was entered on July 29, 2008. Plaintiff's motion was filed on August 18, 2008. The date by which said motion for reconsideration should have been filed was August 12, 2008. Clearly, the said motion was filed out of time. In addition, no extension was sought from nor granted by the Court.

Moreover, the Court also finds that the said motion is not grounded in any of the bases for reconsideration. Plaintiff has not demonstrated a manifest error of law or fact. Further, Plaintiff has introduced no *new* evidence in support of reconsideration. Additionally, Plaintiff has not even alleged an intervening change in law. Therefore, reconsideration is not warranted on any of those bases.

Plaintiff appears merely to disagree with the Court's ruling. However, "clear error or manifest injustice does not exist when a litigant merely disagrees with the court." *Bostic v. AT & T of the Virgin Islands*, 312 F. Supp. 2d 731, 735 (D.V.I. 2004) (citation omitted). *See*

*Dowling v. United States Government*
2000-CV-0049
Order Denying Plaintiff's Motion to Reconsider
Page 3

*also Central Reserve Life Ins. Co. v. Marello*, No. Civ. A. 00-3344, 2001 WL 41129 at *2 (E.D. Pa. January 17, 2001) (where the court states, "Dissatisfaction with the Court's ruling is not a proper basis for reconsideration" (citing *Burger King Corp. v. New England Hood and Duct Cleaning Co.*, 2000 U.S. Dist. LEXIS 1022 (E.D. Pa. Feb. 4, 2000))).

Accordingly, it is now hereby **ORDERED** that Plaintiff's Motion to Reconsider Order Denying Motion For Sanctions (Docket No. 378) is **DENIED**.

ENTER:

Dated: October 6, 2008          /s/
                                GEORGE W. CANNON, JR.
                                U.S. MAGISTRATE JUDGE