# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

**REUBEN DOWLING,**

                        **Plaintiff,**          2000-CV-0049

    v.

**UNITED STATES GOVERNMENT,**
**VIRGIN ISLANDS GOVERNMENT,**
**and ALMORE FREDERICKS,**

                        **Defendants.**

TO:    Lee J. Rohn, Esq.
         Angela Tyson-Floyd, Esq., AUSA
         Richard Schrader, Jr., Esq., AAG

## ORDER REGARDING PLAINTIFF'S MOTION FOR SANCTIONS

THIS MATTER came before the Court upon Plaintiff's Motion for Sanctions For Spoliation of Evidence (Docket No. 376). Defendant Virgin Islands Government filed an opposition to said motion, and Plaintiff filed a reply thereto.

## DISCUSSION

Courts have defined spoliation as "'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably forseeable [sic] litigation.'" *Mosaid Technologies, Inc. v. Samsung Electronics Co., Ltd.*, 348 F. Supp. 2d 332, 335 (D.N.J. 2004) (citations omitted). It is well settled that

*Dowling v. United States Government*
2000-CV-0049
Order Denying Plaintiff's Motion For Sanctions
Page 2

"[e]vidence of spoliation may give rise to sanctions." *Id*. Both the Federal Rules of Civil Procedure and this Court's inherent powers authorize the Court to impose sanctions. *Scott v. IBM Corporation*, 196 F.R.D. 233, 247-48 (D.N.J. 2000). "Sanctions for spoliation range from an adverse jury instruction to judgment against the offending party." *White v. Pulver Systems, Inc.*, No. Civ. A. 96-CV-6788, 1998 WL 575123 at *2 (E.D. Pa. September 8, 1998). In this circuit, the

> key considerations for determining the appropriate sanction for spoliation are: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, will serve to deter such conduct by others in the future." *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994); *see Schroeder v. Commonwealth of Penn.*, 710 A.2d 23, 27 (Pa.1998) (adopting Third Circuit's fault-based approach to spoliation).

*Id*.

In the matter at bar, Plaintiff accuses Defendant Virgin Islands Government of destroying or losing audio tapes of conversations between Plaintiff and Defendants regarding Plaintiff's allegations of the agreement Defendants made with Plaintiff for information. The actual number or quality of the tapes is unknown.

Based upon the evidence before it, the Court finds that Defendant Virgin Islands Government has failed to preserve evidence, constituting spoliation. However, the Court

*Dowling v. United States Government*
2000-CV-0049
Order Denying Plaintiff's Motion For Sanctions
Page 3

finds that the evidence of spoliation in this matter does not warrant the drastic sanctions of dismissal of claims, striking portions of the complaint, or exclusion of evidence. The Court will determine whether the lesser sanction of spoliation inference is appropriate. The spoliation inference takes the form of a jury instruction permitting the inference that the "destroyed evidence might or would have been unfavorable to the position of the offending party." *Scott*, 196 F.R.D. at 248 (citing *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78 (3d Cir. 1994)).[1]

Plaintiff is entitled to the spoliation inference only upon the satisfaction of four elements:

> First, "it is essential that the evidence in question be within the party's control." *Brewer*, 72 F.3d at 334 (citing *Gumbs v. International Harvester, Inc.*, 718 F.2d 88, 96 (3d Cir. 1983)). Second, "it must appear that there has been actual suppression or withholding of the evidence." *Id*. Third, the evidence destroyed or withheld was relevant to claims or defenses. *Scott*, 196 F.R.D. at 248; *Veloso v. Western Bedding Supply Co.*, 281 F. Supp. 2d 743, 746 (D.N.J. 2003). And fourth, it was reasonably foreseeable that the evidence would later be discoverable. *Scott*, 196 F.R.D. at 248; *Veloso*, 281 F. Supp. 2d at 746.

---

1. The rationale for allowing the inference is "'nothing more than the common sense observation that a party who has notice that [evidence] is relevant to litigation and who proceeds to destroy [evidence] is more likely to have been threatened by [that evidence] than is a party in the same position who does not destroy the document.'" *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78 (3d Cir. 1994) (quoting *Nation-Wide Check Corp., Inc. v. Forest Hills Distributors, Inc.*, 692 F.2d 214, 218 (1st Cir.1982) (inserted words provided by *Schmid* court).

*Dowling v. United States Government*
2000-CV-0049
Order Denying Plaintiff's Motion For Sanctions
Page 4

*Mosaid Technologies, Inc.*, 348 F. Supp. 2d at 336.

In the matter at bar, the Court finds that the audio tapes allegedly lost or destroyed by Defendant Virgin Islands Government were within said Defendant's control.

A transcript of one of the tapes exists, but said Defendant is unable to locate such tape. The Court has found that the tapes were within said Defendant's control. Thus, it is logical to conclude that said Defendant failed to preserve the evidence, constituting actual suppression or withholding of the evidence.

Clearly, the audio tapes were relevant to the claims of Plaintiff. In addition, the Court finds that Defendant Virgin Islands Government knew that the audio tapes would be discoverable. *See, e.g., Scott*, 196 F.R.D. at 249 ("While a litigant is under no duty to keep or retain every document in its possession, even in advance of litigation, it is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation" (quoted in *Mosaid Technologies, Inc.*, 348 F. Supp. 2d at 336)). It can be surmised that the information allegedly contained on the tapes could have been used in a future criminal prosecution, thus putting said Defendant on such notice.

Further, it is noted that the spoliation inference does not require a finding of bad faith. *Mosaid Technologies, Inc.*, 348 F. Supp. 2d at 337-38.

*Dowling v. United States Government*
2000-CV-0049
Order Denying Plaintiff's Motion For Sanctions
Page 5

> [N]egligent destruction of relevant evidence can be sufficient to give rise to the spoliation inference. If a party has notice that evidence is relevant to an action, and either proceeds to destroy that evidence or allows it to be destroyed by failing to take reasonable precautions, common sense dictates that the party is more likely to have been threatened by that evidence. *See Schmid*, 13 F.3d at 78. By allowing the spoliation inference in such circumstances, the Court protects the integrity of its proceedings and the administration of justice.

*Id*. At 338 (footnote omitted). *See also White v. Pulver Systems, Inc.*, No. Civ. A. 96-CV-6788, 1998 WL 575123 at *2 (E.D. Pa. September 8, 1998) ("Spoliation is the intentional or negligent destruction of evidence"). In the matter at bar, said Defendant had notice that the tapes were relevant, and it failed to take reasonable precautions to preserve such relevant evidence. Thus, the spoliation inference may be allowed in this instance.

Based upon the evidence presented and the foregoing findings, the Court will deny the specific sanctions requested by Plaintiff. Nevertheless, the Court will allow a spoliation inference jury instruction. The Court declines to impose any monetary sanctions.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion For Sanctions For Spoliation of Evidence (Docket No. 376) is **DENIED**.

2. Plaintiff is entitled to, at trial, a jury instruction regarding the spoliation inference.

*Dowling v. United States Government*
2000-CV-0049
Order Denying Plaintiff's Motion For Sanctions
Page 6

                                              ENTER:

Dated: October 6, 2008                                /s/
                                                    GEORGE W. CANNON, JR.
                                                    U.S. MAGISTRATE JUDGE