# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

**REUBEN DOWLING,**

               **Plaintiff,**              2000-CV-0049

    v.

**UNITED STATES GOVERNMENT,**
**VIRGIN ISLANDS GOVERNMENT,**
**and ALMORE FREDERICKS,**

               **Defendants.**

TO:   Lee J. Rohn, Esq.
        Angela Tyson-Floyd, Esq., AUSA
        Richard Schrader, Jr., Esq., AAG

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER came before the Court upon Defendant Virgin Islands Government's Motion For Reconsideration of Court's October 6[,] 2008[,] Order (Docket No. 385). Plaintiff filed a response to said motion. The time for filing a reply has expired.

Pursuant to Local Rule of Civil Procedure 7.3, parties may seek reconsideration of an order or decision of the Court based upon "1. intervening change in controlling law; 2. availability of new evidence, or; 3. the need to correct clear error or prevent manifest injustice." LRCi 7.3. It is widely recognized that the "'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered

*Dowling v. United States Government*
2000-CV-0049
Order Denying Motion For Reconsideration
Page 2

evidence." *Snith v. City of Chester*, 155 F.R.D. 95, 96 (E.D. Pa. 1994) (citation omitted). Having reviewed the submissions of the parties, nothing therein persuades the Court that its previous order requires modification or reversal.

Defendant Virgin Islands Government seeks reconsideration of the Court's Order Denying Plaintiff's Motion For Sanctions For Spoliation of Evidence (Docket No. 384), entered October 6, 2008, stating that the Court's finding that "there has been an actual suppression or withholding of the evidence . . . is both conclusive and in direct contravention of Gumbs v. International Harvester, Inc., 718 F.2d 88 (C.A. 3rd [sic] 1983)." Motion at 2. Said Defendant argues that the "very use of the word 'actual' [sic] implies that the suppression or withholding of the evidence had to have occurred as opposed to just the appearance of suppression or withholding of evidence." Motion at 3.

As the court in *Mosaid Technologies, Inc. v. Samsung Electronics, Co., Ltd.*, 348 F. Supp. 2d 332 (D.N.J.) notes:

> [A]lthough the Third Circuit has yet to elaborate on what it meant when it stated that it "must appear that there has been actual suppression," Samsung provides no, and this Court did not find any case law in this circuit that requires a finding of bad faith before allowing a spoliation inference. Some courts in the Third Circuit have construed "actual suppression" to mean that the evidence must be intentionally or knowingly destroyed or withheld, as opposed to lost, accidentally destroyed or otherwise properly accounted for. *See, e.g., Veloso*, 281 F.Supp.2d at 746 (looking for intentional destruction); *Costello v. City of Brigantine*, 2001 WL 732402, at *26 (D.N.J. June 28, 2001)

*Dowling v. United States Government*
2000-CV-0049
Order Denying Motion For Reconsideration
Page 3

> (looking for knowing destruction). Others have used a more flexible approach that defies being labeled as requiring intentional or knowing destruction. *See, e.g., Scott*, 196 F.R.D. at 248-49 (finding that even though there was no evidence documents were knowingly destroyed the circumstances could still permit a spoliation inference); *Baliotis v. McNeil*, 870 F.Supp. 1285, 1291-93 (M.D.Pa.1994) (concluding that a spoliation inference is appropriate even though there was no evidence of bad faith); *cf. Quaglietta v. Nissan Motor Co.*, 2000 WL 1306791, at *2-*3 (D.N.J. Aug.16, 2000) (excluding evidence for spoliation without analyzing the spoliator's intent).
>
> Having considered the two different approaches courts take under the Third Circuit's "actual suppression" standard, and the Third Circuit's characterization of the spoliation inference as a lesser sanction, this Court believes the flexible approach is the better and more appropriate approach. Primarily, the spoliation inference serves a remedial function--leveling the playing field after a party has destroyed or withheld relevant evidence. As long as there is some showing that the evidence is relevant, and does not fall into one of the three categories enumerated in *Schmid*, the offending party's culpability is largely irrelevant as it cannot be denied that the opposing party has been prejudiced. Contrary to Samsung's contention, negligent destruction of relevant evidence can be sufficient to give rise to the spoliation inference. If a party has notice that evidence is relevant to an action, and either proceeds to destroy that evidence or allows it to be destroyed by failing to take reasonable precautions, common sense dictates that the party is more likely to have been threatened by that evidence. *See Schmid*, 13 F.3d at 78. By allowing the spoliation inference in such circumstances, the Court protects the integrity of its proceedings and the administration of justice.

*Id*. at 337-38 (footnotes omitted).

The Court properly found that the lesser sanction of spoliation inference was appropriate by applying the standards articulated by the *Mosaid* court. The Court did not make an error of fact or law; thus reconsideration is not warranted upon those bases.

*Dowling v. United States Government*
2000-CV-0049
Order Denying Motion For Reconsideration
Page 4

Further, said Defendant does not present any intervening change in law nor does it introduce any new evidence. Consequently, reconsideration is not warranted on either of those bases.

Based upon the foregoing, it is hereby **ORDERED** that Defendant Virgin Islands Government's Motion For Reconsideration of Court's October 6[,] 2008[,] Order (Docket No. 385) is **DENIED**.

ENTER:

Dated: November 20, 2008                          /s/
                                                  GEORGE W. CANNON, JR.
                                                  U.S. MAGISTRATE JUDGE